**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RAMIRO CHAPA, JR.
Reg. #84564-079 PETITIONER

VS. 2:12CV00230 JLH/JTR

JOHN FOX,
Warden, FCI Forrest City RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Room A149<br>
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Ramiro Chapa, Jr., who is incarcerated in FCI Forrest City. He argues that the BOP has not properly calculated his sentence. Before addressing

Petitioner's habeas claim, the Court will review the procedural history of this case, which involves multiple sentences from federal and state jurisdictions.

On January 17, 2003, Petitioner was sentenced in the Southern District of Texas to an aggregate 36-month term of imprisonment on drug and failure-to-appear charges (the "Southern District of Texas sentence"). *Doc. #11-1 at 9, 13*. On July 19, 2004, he was transferred from FCI Seagoville, Texas to a Residential Reentry Center ("RRC") in Fort Worth for 105 days of RRC placement. *Doc. #13 at ¶12*.

On September 6, 2004, Petitioner left the RRC for his work assignment, but failed to return.[1] *Doc. #13 at ¶14*. On September 7, 2004, the BOP placed Petitioner on "escape" status. On September 8, 2004, the BOP placed Petitioner's Southern District of Texas sentence on "inoperative" status, effectively tolling the sentence. *Doc. #11-1 at 19, 21, 37*.

On November 29, 2004, while Petitioner was still a fugitive, he was indicted in Texas state court on assault charges.[2] *Doc. #11-1 at 40*.

On July 6, 2009, Petitioner was arrested and detained by Indiana authorities on Indiana state drug charges. *Doc. #13 at ¶16*. Although Petitioner was using an alias at the time of his arrest, his fingerprints, taken during the booking process, alerted the United States Marshal to his whereabouts. *Id*. On July 8, 2009, the

[1] At the time, Petitioner had served 63 days of his scheduled 105-day RRC placement. *Doc. #13 at ¶14*.
[2] Petitioner allegedly assaulted his common-law wife on the day that he absconded from the RRC.

Marshal lodged a detainer with Indiana state authorities based on the still-unserved portion of Petitioner's Southern District of Texas sentence. *Doc.# 11-1 at 59*. Petitioner later pleaded guilty to the Indiana state drug charges, and, on November 23, 2009, he was sentenced to 36 months in the Indiana Department of Correction. *Doc. #13 at ¶16*.

On October 14, 2010, Petitioner was paroled from the Indiana Department of Correction and transferred to the custody of the United States Marshal based on the federal detainer. *Doc. #11-1 at 55*. That same day, the BOP resumed running the sentence that was imposed on him in the Southern District of Texas. *Doc. #11-1 at 37*.

On November 10, 2010, Petitioner was indicted in the Northern District of Texas for his 2004 escape from federal custody.[3] *Doc. #13 at ¶1*. On November 22, 2010, Petitioner appeared in the Northern District of Texas for his plea and arraignment, and a United States Magistrate Judge entered an Order of Detention.[4]

On January 3, 2011, Petitioner discharged his Southern District of Texas sentence via "good conduct release time." *Doc. #11-1 at 4, 36*. However, Petitioner

---

[3] Petitioner escaped from a RRC located in the Northern District of Texas. *Doc. #11-1 at 21*.

[4] Although Petitioner was already in federal custody, serving the remainder of his Southern District of Texas sentence, the United States Magistrate Judge conducted a detention hearing. The docket reflects that Petitioner did "not object to [the] Court ruling on detention from [the] Indictment." *United States v. Chapa, N.D. Tex. No. 4:10CR00189 at doc. #4*. The Court entered an Order detaining Petitioner based on "the nature and circumstances of the offense and the criminal history and illegal status of Defendant [which] make him a risk of flight or nonappearance unless detained." *United States v. Chapa, N.D. Tex. No. 4:10CR00189 at doc. #8*.

remained in federal custody pursuant to the Order of Detention entered in the Northern District of Texas on the still-pending federal escape charge. *Id.*

On January 7, 2011, Petitioner entered a guilty plea to the escape charge in the Northern District of Texas. *Doc. #13 at ¶7*. On April 22, 2011, Petitioner was sentenced to 60 months of imprisonment.[5] *Doc. #11-1 at 80*. Petitioner is currently serving that sentence at FCI Forrest City. His statutory release date is June 19, 2015.[6] *Doc. #11-1* at ¶21.

Petitioner initiated this *pro se* § 2241 habeas action on November 23, 2012.[7] Doc. #1. He argues that the BOP should have credited his federal sentences with the time he spent in Indiana state custody, from July 6, 2009, through October 14, 2010. According to Petitioner, that time period in custody should have been "applied to federal time and state time equally." *Doc. #1 at 4*.

For the reasons discussed below, the BOP has properly calculated Petitioner's federal sentences. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

---

[5] The Northern District of Texas sentence was ordered to run "consecutively to any sentence imposed" in the Texas state-court assault case that was filed in 2004. *Doc. #11-1 at 80*. However, it appears that Texas state authorities never took any action to have Petitioner appear for prosecution. Petitioner has remained in continuous federal custody since his parole from Indiana. *Doc. #11-1 at 2, ¶7*. On December 16, 2013, the Texas state court prosecutor moved to dismiss the assault case. *See* Court's Ex. A attached hereto.

[6] If Petitioner successfully completes the BOP's Residential Drug Abuse Program, he can be released as early as June 19, 2014. *Doc. #11-1 at 6, ¶21.*

[7] Respondent does not dispute Petitioner's assertion that, prior to initiating this habeas action, he exhausted his administrative remedies with the BOP.

## II. Discussion

On September 8, 2004, two days after Petitioner escaped from federal custody, the BOP placed his Southern District of Texas sentence on "inoperative" status, which had the effect of tolling his federal sentence until he was returned to *federal custody*. Petitioner's subsequent arrest and incarceration by Indiana state authorities, on unrelated state charges, placed him squarely *in primary state custody*. Under well-established federal law, his time in state custody did *not* count toward his Southern District of Texas sentence, which was tolled by his escape:

> An escape from prison, however, can severely affect the length of a federal sentence. Generally, an escape tolls the running of a sentence, *Hartwell v. Jackson*, 403 F. Supp. 1229, 1230 (D.C. 1975), *aff'd mem*., 546 F.2d 1042 (D.C. Cir. 1976), and "the time elapsing between escape and retaking [by federal authorities] will not be taken into account or allowed as a part of the term." *Anderson v. Corrall*, 263 U.S. 193, 196 (1923). Therefore, when petitioner escaped from federal officials . . . his federal sentence was tolled because he was not in federal custody. Tennessee then obtained primary custody over petitioner because Tennessee officials arrested petitioner[.] With primary custody over petitioner, Tennessee, in its sovereign authority, had the right to prosecute and incarcerate petitioner for state crimes committed while on escape from a federal sentence.

*Smith v. Driver*, 2008 WL 4058593 (N.D. W. Va. 2008) (unpublished); *see also United States v. Weddell*, 560 F. Supp.2d 782, 785 (D. N.D. 2008) ("The law clearly provides that an inmate's escape tolls the [federal] sentence and an inmate is not entitled to credit toward his sentence while absent on escape status. A federal prisoner's sentence is tolled by his escape even if he is in the custody of state

authorities under a criminal charge unrelated to the federal offense.") (*citing United States v. Luck*, 664 F. 2d 311, 312 (D.C. Cir. 1981) *and* BOP Program Statement 5880.30, Ch. V, §§ 1 and 2); BOP Program Statement 5880.28 Page 1-29 ("If the [federal] escapee is arrested by state authorities for a state charge, then the federal sentence would not resume running until the prisoner was turned over to exclusive federal custody.").

Additionally, the entire time period for which Petitioner seeks federal credit, July 6, 2009 to October 14, 2010, was credited towards Petitioner's state sentence by the Indiana Department of Correction. *Doc. #11-1 at 58*. Under 18 U.S.C. § 3585(b), the BOP was prohibited from crediting such time toward Petitioner's federal sentence,[8] absent a so-called "nunc pro tunc" designation pursuant to 18 U.S.C. § 3621(b).[9] Under that statute, the BOP has the discretion, in certain narrowly-defined circumstances, to designate a state institution as the place for service of a federal sentence. The effect of such a designation allows the state and federal sentences to run concurrently. However, in the case of an escape from a

[8] *See United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) ("the Bureau of Prisons properly decided not to award [defendant] credit for the time served [in state custody], as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting."); *Gross v. Berkebile*, 2011 WL 13874, *4 (E.D. Ky. 2011) ("Since 1987, awarding a prisoner with 'double credit' for time credited toward another sentence is specifically prohibited by 18 U.S.C. § 3585(b)."); *Craft v. Anderson*, 2010 WL 4629622, *1 (W.D. Mo. Oct.14, 2010) ("If a petitioner were allowed federal credit for time spent serving a sentence imposed by a state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).").

[9] The statute lists five factors to guide the BOP in the exercise of its discretion: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. *See* 18 U.S.C. § 3621(b).

BOP facility, BOP regulations make it clear that "[t]he federal sentence from which the escape occurs shall remain inoperative until the prisoner is returned to exclusive federal custody, unless the [BOP] designates the state institution as the place to continue service of the federal sentence." BOP Program Statement 5880.28 at page 1-14C, *doc. #11-1 at 29*. The BOP reviewed Petitioner's case and determined that he was not entitled to a "nunc pro tunc" designation for the time he spent in Indiana state custody. *Doc. #11-1 at 69*. There is no indication that, in exercising its discretion, the BOP failed to follow and properly apply the five factors listed in 18 U.S.C. § 3621(b).

Finally, with respect to Petitioner's Northern District of Texas sentence, it was imposed on April 22, 2011, *after* Petitioner had completed his state sentence in Indiana. The earliest date a federal sentence can "commence" is the date that it is imposed. *See* BOP Program Statement 5880.28, Ch. 1 at Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). The BOP properly gave Petitioner credit toward his Northern District of Texas sentence for the time he was detained between January 4, 2011, the day after Petitioner discharged his Southern District of Texas sentence, and April 21, 2011. *Doc. #11-1 at 35*.

For the foregoing reasons, the Court concludes that the BOP has properly calculated Petitioner's federal sentences.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the § 2241 Petition for a Writ of Habeas Corpus be DENIED, and the case be DISMISSED, WITH PREJUDICE.

Dated this 28th day of March, 2014.

J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE

Form 183

NO. F04-36350

FILED 2013 DEC 16 AM 10: 10 GARY FITZSIMMONS DISTRICT CLERK DALLAS CO. TEXAS MINDY SUMPTER DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 203RD JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | DALLAS COUNTY, TEXAS |
| RAMIRO CHAPA | § | OCTOBER TERM, 2013 A.D. |

652/1168

## MOTION TO DISMISS PROSECUTION

**Now comes the District Attorney of Dallas County, Texas and asks the Court to dismiss the above entitled and numbered cause, for the following reasons, to-wit:**

The Defendant was convicted and sentenced to Federal Prison.

Due to the costs of returning the Defendant to Dallas County to stand trial, coupled with the fact that any sentence imposed in this case would not in all probability increase the time he is presently serving, prosecution of this case cannot be justified.

WHEREFORE PREMISES CONSIDERED, the State respectfully requests that this case be dismissed.

Assistant District Attorney of
Dallas County, Texas

Assistant District Attorney
for Craig Watkins, District Attorney of
Dallas County, Texas

